HARRIS, J.,
delivered tbe opinion, of the Court.
Cowan commenced tbis suit before a justice of the peace. The warrant was in debt due by account under two hundred dollars. The justice gave judgment in favor of the defendant, Boothe, for 'the sum of $64 and costs. The plaintiff removed the cause into the Circuit Court by appeal, where the jury found by their verdict, that the defendant was indebted to the plaintiff $198 88J, and the plaintiff indebted to the defendant 262 79-J. Upon this finding of the' jury, the Court rendered judgment for the defendant for the excess on his demand amounting to the sum of $63 91, and for all costs by him expended in establishing his said demand; and that the plaintiff recover of the defendant all costs by him expended in proving his demand. From this judgment the defendant has appealed- in error to this Court.
The only error assigned is the taxation of a por tion of the costs against the defendant, he having recovered a judgment against the plaintiff for. a balance of debt found in his favor. From a bill of exceptions, made part of the record, it appears, that the plaintiff’s demand was for rents, goods sold and delivered, and for work and labor done; and that the defendant’s demand was upon promissory notes, goods sold and delivered, and for work and' labor done. These cross demands were mutually disputed and each party was- put upon his proof.
The plaintiff had a cause of action against the defendant, and the defendant had a separate and distinct cause of action for a larger amount against the plain *356 tiff. This suit was in the nature of, and was in effect, cross actions, founded upon two independent, separate, and distinct causes of action, in which each party succeeded in establishing his demand, and if the suits had been separately brought and tried, there can be no pre-tence that each party would not have been entitled, under the provision of the act of 1794, ch. 1, sec. 74, to have recovered his entire costs by him expended in establishing his demand.
■That section provides, that “in all actions, the party in whose favor judgment shall be given, or in case of a non-suit, &c., the defendant shall be entitled to full costs.”
In this cross action the plaintiff has succeeded in establishing his demand, and if tried separately, would have been entitled to his “full costs;” and can it be maintained that because the defendant thought proper in this suit to bring forward and establish his demand against the plaintiff, which was a separate and distinct cause of action, he can thereby defeat the right of the plaintiff to recover the full costs expended in establishing his demand? We think not. The plaintiff must recover from the defendant the costs which necessarily accrued in establishing his cause of action against the defendant; and the defendant is entitled to his costs, which ■accrued in maintaining his demand against the plaintiff. But it is said that by the express provision of the act of 1794, “the party in whose favor judgment shall be given, shall be entitled to full costs.” This statute has been several times construed by this Court. In the case of Sloan vs. Parks et al., 2 Sawn, R., 62, it is said that where there are joint defendants, one of whom *357 is acquitted and tbe others are not, the defendant who is acquitted, may recover of the plaintiff such costs only as accrued separately and properly on account of his being made a defendant in the suit, and the plaintiff is entitled to recover of the other defendants the costs of' the suit incurred in the joint defense or otherwise, ex cept such as may be separated therefrom, as having exclusive reference to the defendant who is discharged. A different rule prevails where the parties sever in their defenses. In this case, judgment was rendered-in favor of the plaintiff, yet he did not recover the. full costs of the entire suit. And again, in the case of Allison vs. Thompson, same book, 202, it is laid down, that where a plaintiff joins several causes of action by means of several counts in his declaration, and recovers as to some of the counts, but fails as to others, he can recover only such costs as are incident to that count of the declaration upon which he succeeds: While the defendant is entitled to recover such costs as have accrued in consequence of the counts upon which the plaintiff has failed. Here again “judgment” is rendered in favor of the plaintiff, but he recovers costs only on that cause of action set out in his declaration upon which he succeeds; and judgment was rendered in favor of the defendant for all the costs incident to the trial of the other separate causes of action set out in his declaration upon which he failed. He recovers full costs in the cause of action upon which he succeeds, and he is subjected to the payment of full costs incident to those causes of action, though tried in the same suit, upon which he fails.
We think these principles apply to. the case before *358 us; Cowan had a cause of action against Boothe upon which he succeeds; then why not tax Boothe with the costs properly incident to that cause of action? It is true, Boothe at the same time had a cause of action against Cowan for a larger amount, which was tried in the same suit, in which he succeeded, and of course he is entitled to the full costs incident to that cause of ac-1 tion. "We think the costs were properly taxed in the Circuit Court, and affirm the judgment.